**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROVI CORPORATION, ROVI GUIDES, INC. (F/K/A GEMSTAR-TV GUIDE INTERNATIONAL INC.), UNITED VIDEO PROPERTIES, INC., and INDEX SYSTEMS, INC., <br><br> **Plaintiffs** <br><br> v. <br><br> TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> **Defendants.** | C.A. No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Rovi Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International Inc.), United Video Properties, Inc., and Index Systems, Inc. (collectively "Rovi"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, allege as follows:

**NATURE OF THE ACTION**

1. This is an action brought by Rovi against Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Information Systems, Inc. (collectively "Toshiba") for infringement of U.S. Patent Nos. 6,020,929 ("the '929 Patent"), 6,305,016 ("the '016 Patent"), and 6,701,523 ("the '523 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

### Plaintiffs

2. Plaintiff Rovi Corporation is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050.

3. Plaintiff Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International Inc.) is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050.  Rovi Guides, Inc. is a wholly-owned subsidiary of Rovi Corporation.

4. Plaintiff United Video Properties, Inc. is incorporated in Delaware and is located at 2830 De La Cruz Blvd., Santa Clara, California 95050.  United Video Properties, Inc. is the owner of U.S. Patent Nos. 6,305,016 and 6,020,929.  United Video Properties, Inc. is a wholly-owned subsidiary of complainant Rovi Guides, Inc.

5. Plaintiff Index Systems, Inc. is incorporated in the British Virgin Islands and is located at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands, VG.  Index Systems, Inc. is the owner of U.S. Patent No. 6,701,523.  Index Systems, Inc. is a wholly-owned subsidiary of complainant Rovi Guides, Inc.

### Defendants

6. Upon information and belief, Toshiba Corp. is a corporation organized under the laws of Japan and has its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, 105-8001, Japan.

7. Upon information and belief, Toshiba America, Inc. is a subsidiary of Toshiba Corp.  It is incorporated in the state of Delaware and has its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020.

8.  Upon information and belief, Toshiba America Consumer Products, L.L.C. is a subsidiary of Toshiba America, Inc. It is incorporated in the state of New Jersey and has its principal place of business at 82 Totowa Road, Wayne, NJ 07470.

9.  Upon information and belief, Toshiba America Information Systems, Inc. is a subsidiary of Toshiba America, Inc. It is incorporated in the state of California and has its principal place of business at 9740 Irvine Blvd., Irvine, CA 92618-1697.

## JURISDICTION AND VENUE

10. This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Toshiba. Specifically, Toshiba America, Inc. is a Delaware corporation. In addition, Toshiba has established minimum contacts with the forum. Toshiba manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in Delaware. Toshiba, directly and/or through its distribution network, places the products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Delaware. Therefore, the exercise of jurisdiction over Toshiba would not offend traditional notions of fair play and substantial justice.

12. Toshiba does business in this district, including providing products that are used, offered for sale, sold, and have been purchased in Delaware. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## FACTUAL BACKGROUND

13. Rovi is a global leader in digital entertainment technology solutions. Rovi provides guidance technology, entertainment data, content protection and content networking technology to customers for use in the consumer electronics, cable and satellite, entertainment and online distribution markets to enable them to deliver a unique entertainment experience for television, movies, music and photos.

14. Rovi was created in its current form when Macrovision Corporation acquired Gemstar-TV Guide International, Inc. in May 2008. Gemstar-TV Guide International, Inc. was the product of a merger between Gemstar International Group, Ltd. and TV Guide, Inc. in 2000. All of these entities are and were innovators in interactive program guides (IPGs) and related technology.

15. Rovi invests significant resources in the development of interactive program guide, parental controls, and related technologies for use in Rovi's products and also for licensing to third parties who develop their own digital entertainment solutions.

16. Rovi's business depends, in significant part, on protecting its innovations through patents. Rovi's long-term financial success depends on its ability to establish, maintain, and protect its proprietary technology through enforcement of its patent rights. Toshiba's infringement presents significant and ongoing damages to Rovi's business.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,020,929

17. Paragraphs 1 through 16 are incorporated by reference as if fully stated herein.

18. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '929 Patent including the right to bring this suit for injunctive relief and damages.

19. The '929 Patent issued on February 1, 2000 and is entitled "Video Mix Program Guide." A true and correct copy of the '929 Patent is attached as Exhibit A and made a part hereof.

20. The '929 Patent is valid and enforceable under United States Patent Laws.

21. Rovi is informed and believes that Toshiba has infringed and is infringing the '929 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television and digital video recorder products that infringe one or more claims of the '929 Patent (*e.g.*, model 47ZV650U television and model DVR670 digital video recorder).

22. Upon information and belief, Toshiba sells and offers for sale those products knowing of the '929 Patent, and knowing them to be specially made or adapted for infringing the '929 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

23. Upon information and belief, Toshiba, knowing of the '929 Patent, actively induces infringement of the '929 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '929 Patent, knowing that its actions would induce infringement of the '929 Patent, knowing that infringement of the '929 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '929 Patent by its customers and end users of the accused products.

24. Toshiba's infringement of the '929 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

25. Rovi has been damaged by Toshiba's infringement of the '929 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

26. Toshiba's infringement of the '929 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Toshiba had actual knowledge of its infringement of the '929 Patent no later than October 20, 2010, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2763, in the United States International Trade Commission.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,305,016

27. Paragraphs 1 through 16 are incorporated by reference as if fully stated herein.

28. United Video Properties, Inc. owns by assignment the entire right, title, and interest in and to the '016 Patent including the right to bring this suit for injunctive relief and damages.

29. The '016 Patent issued on October 16, 2001 and is entitled "Systems and Methods for Displaying Information with a Perceived Partial Transparency Over a Television Program." A true and correct copy of the '016 Patent is attached as Exhibit B and made a part hereof.

30. The '016 Patent is valid and enforceable under United States Patent Laws.

31. Rovi is informed and believes that Toshiba has infringed and is infringing the '016 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television and digital video recorder products that infringe one or more claims of the '016 Patent (*e.g.*, model 47ZV650U television and model DVR670 digital video recorder).

32. Upon information and belief, Toshiba sells and offers for sale those products knowing of the '016 Patent, and knowing them to be specially made or adapted for infringing the '016 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

33. Upon information and belief, Toshiba, knowing of the '016 Patent, actively induces infringement of the '016 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '016 Patent, knowing that its actions would induce infringement of the '016 Patent, knowing that infringement of the '016 Patent would take place, intending that infringement take place and in substantial numbers, and resulting in direct infringement of the '016 Patent by its customers and end users of the accused products.

34. Toshiba's infringement of the '016 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

35. Rovi has been damaged by Toshiba's infringement of the '016 Patent and will continue to be damaged unless enjoined by this Court.  Rovi does not have an adequate remedy at law.

36. Toshiba's infringement of the '016 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.  Toshiba had actual knowledge of its infringement of the '016 Patent no later than October 20, 2010, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2763, in the United States International Trade Commission.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,701,523**

37. Paragraphs 1 through 16 are incorporated by reference as if fully stated herein.

38. Index Systems, Inc. owns by assignment the entire right, title, and interest in and to the '523 Patent including the right to bring this suit for injunctive relief and damages.

39. The '523 Patent issued on March 2, 2004 and is entitled "V-Chip Plus+In-Guide User Interface Apparatus and Method for Programmable Blocking of Television and Other Viewable Programming, such as for Parental Control of a Television Receiver." A true and correct copy of the '523 Patent is attached as Exhibit C and made a part hereof.

40. The '523 Patent is valid and enforceable under United States Patent Laws.

41. Rovi is informed and believes that Toshiba has infringed and is infringing the '523 Patent, in violation of 35 U.S.C. § 271 *et seq.*, directly and/or indirectly, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority, television and digital video recorder products that infringe one or more claims of the '523 Patent (*e.g.*, model 47ZV650U television and model DVR670 digital video recorder).

42. Upon information and belief, Toshiba sells and offers for sale those products knowing of the '523 Patent, and knowing them to be specially made or adapted for infringing the '523 Patent and not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

43. Upon information and belief, Toshiba, knowing of the '523 Patent, actively induces infringement of the '523 Patent by at least encouraging and instructing its customers and end users to sell and/or use its accused television and digital video recorder products in a manner that infringes the '523 Patent, knowing that its actions would induce infringement of the '523 Patent, knowing that infringement of the '523 Patent would take place, intending that

infringement take place and in substantial numbers, and resulting in direct infringement of the '523 Patent by its customers and end users of the accused products.

44. Toshiba's infringement of the '523 Patent is exceptional and entitles Rovi to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

45. Rovi has been damaged by Toshiba's infringement of the '523 Patent and will continue to be damaged unless enjoined by this Court. Rovi does not have an adequate remedy at law.

46. Toshiba's infringement of the '523 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284. Toshiba had actual knowledge of its infringement of the '523 Patent no later than October 20, 2010, when Rovi filed the complaint titled *In the Matter of Certain Products Containing Interactive Program Guide and Parental Controls Technology*, Case No. 337-2763, in the United States International Trade Commission.

## DEMAND FOR JURY TRIAL

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rovi demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Rovi prays for the following judgment and relief against Toshiba:

(A) That Toshiba has infringed each and every one of the Asserted Patents;

(B) That the Asserted Patents are not invalid and are enforceable;

(C) That Toshiba, its officers, agents, employees, and those persons in active concert or participation with any of them, and its successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one

of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

  (D) That Rovi be awarded all damages adequate to compensate it for Toshiba's infringement of the Asserted Patents, such damages to be determined by a jury, and, if necessary to adequately compensate Rovi for the infringement, an accounting;

  (E) That Rovi be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

  (F) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Rovi be awarded attorneys' fees, costs, and expenses incurred in connection with this action;

  (G) That Rovi be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  October 29, 2010 | Respectfully submitted, |

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Chad S.C. Stover (#4919)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
(302) 658-5614 (facsimile)
fdigiovanni@cblh.com
cstover@cblh.com

*Of Counsel*:

David H. Dolkas
Yar R. Chaikovsky
Hong S. Lin
Jeremiah A. Armstrong
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
650.815.7400
650.815.7401 (facsimile)

Blair M. Jacobs
Charles J. Hawkins
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, DC 20005
202.756.8000
202.756.8087 (facsimile)

*ATTORNEYS FOR PLAINTIFFS*
*Rovi Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International, Inc.), United Video Properties, Inc., and Index Systems, Inc.*